FILED
2010 Jan-06  PM 12:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


BOARD OF TRUSTEES OF THE        )
UNIVERSITY OF ALABAMA, for      )
its division, UNIVERSITY OF     )
ALABAMA HOSPITAL                )
                                )
        Plaintiff,               )
                                )
vs.                             )   Case No. 08-cv-2142-TMP
                                )
ALTERNATIVE INSURANCE           )
RESOURCES, INC.; CHARLES        )
WILLIS,                         )
                                )
        Defendants.              )
```

ORDER OF REMAND

The magistrate judge filed his report and recommendation in this action on May 8, 2009, recommending that the action be remanded to the Circuit Court of Jefferson County. Defendant Alternative Insurance Resources, Inc., filed its timely objections to the report and recommendation on May 26, 2009, resulting in the undersigned being assigned to review *de novo* the report and recommendations and objections pursuant to 28 U.S.C. § 636(b)(1)(B). Also pending at the time was a motion filed by defendant Willis to stay all proceedings in this matter, pursuant to the Servicemembers Civil Relief Act, during his military service in Iraq. The court granted the

stay on July 20, 2009. Upon Willis's return to the United States in October, the stay was lifted on December 23, 2009. Having now carefully reviewed and considered *de novo* the report and recommendation, the objections to it, and all other matters pertinent to this question, the court finds that the objections are due to be OVERRULED, the report ADOPTED, and the recommendation ACCEPTED.

The magistrate judge recommended that the action be remanded on two distinct bases: (1) that the complaint for declaratory judgment filed by the plaintiff sought, in effect, an advisory opinion, which failed to create a "case or controversy" under Article III for purposes of subject-matter jurisdiction; and (2) that super preemption to not support the removal of the action because plaintiff's complaint did not involve an ERISA claim. Defendant Alternative Insurance has objected to both of these conclusions. After careful consideration, the court agrees with the magistrate judge.

First, UAB's complaint is very carefully crafted to seek only declaratory relief under Alabama's Declaratory Judgment Act. Nowhere does it make a plain, simple, straightforward demand for a money judgment; nowhere does it allege a claim for breach of contract or any other common-law claim for *legal*

relief on a money debt.  The obligation under Rule 8 of both state and federal rules of civil procedure for a complaint to make a "short and plain statement of the claim showing that the pleader is entitled to relief," has meaning and consequences.  If the pleader, represented by experienced counsel, says it seeks only a declaratory judgment, the court must assume that the pleader means it, and that the complaint is not breach-of-contract wolf disguised in declaratory-judgment clothing.  As pointed out by the magistrate judge, the consequences of the pleader's choices are not merely linguistic.  If the court were to proceed with this action as a declaratory judgment and declare "the rights and responsibilities of the parties with regard to the unpaid balance," as defendant would have  it, that declaratory judgment would *not* be a collectible money judgment upon which UAB could proceed to collect.  Indeed, to do so, UAB would yet have to file another action for collection of the debt, wielding the declaration in this case as a sword to strike down the potential defenses of waive, estoppel, and accord and satisfaction.  "A declaratory judgment is for the purpose of finally settling an actual controversy, and ordinarily should not be entered if it will not do so."  <u>Tennessee Coal, Iron &</u>

R. Co. v. Muscoda Local No. 123, 137 F.2d 176, 179 (5th Cir. 1943). Clearly, a declaratory judgment in this action will not "finally" settle the controversy between these parties. At best it would only give advice about the potential viability of certain defenses to the real claim, i.e., the claim for the unpaid bill. At worst, it would create unnecessary and unseemly conflict between this court and any state court in which the collection action by UAB is ultimately filed. The magistrate judge correctly concluded that the complaint seeks only an advisory opinion and, therefore, fails to vest the court with Article III jurisdiction.

   Second, the magistrate judge also correctly found that the complaint does not involve an ERISA claim. Even assuming that UAB has standing by virtue of an assignment by Willis to sue defendant Alternative Insurance directly for Willis's ERISA benefits, it has not done so. As explained above, UAB seeks only a very narrowly drawn form of declaratory relief, which does not implicate an ERISA plan. The complaint simply does not ask the court to order that benefits be paid; rather, UAB seeks a declaration that its own conduct has not barred or estopped it from, perhaps, seeking further relief in the

4

future.  Thus, the complaint does not seek "compensatory relief akin to that available under § 1132(a)."  <u>Butero v. Royal Maccabees Life Insurance Co.</u>, 174 F.3d 1207, 1212 (11th Cir. 1999); <u>see also</u> <u>Hobbs v. Blue Cross Blue Shield of Alabama</u>, 276 F.3d 1236 (11th Cir. 2001).

Because the court believes, after careful, *de novo* consideration, that the magistrate judge correctly analyzed the remand issue before the court, the defendant's objections to the report and recommendation are OVERRULED, and the report is ADOPTED and the recommendation is ACCEPTED.  Accordingly, the motion to remand is GRANTED, and the Clerk is DIRECTED to remand this action to the Circuit Court of Jefferson County.

DONE this 6th day of January, 2010.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE